STATE OF MISSOURI ex rel. DYKES et al. v. HENCKEN et al.

(Circuit Court of Appeals, Eighth Circuit. November 29, 1909.)

No. 2,768.

1. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

An instruction that the jury could consider the declarations of the person in possession of the property seized, at the time of the seizure, in determining who was the owner of it, was erroneous as ignoring the character of the person's possession, whether as owner or as a mere employé.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

2. EVIDENCE (§ 242*)—DECLARATIONS BY AGENTS.

Where an owner of property previously acquired intrusts it to an agent solely to operate, the agent cannot affect his principal's title by adverse declarations.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 901; Dec. Dig. § 242.*]

3. SHERIFFS AND CONSTABLES (§ 171*)—SEIZURE OF PROPERTY.

In an action on a sheriff's bond for the alleged unlawful seizure of property under an attachment, an instruction that there was no evidence that the deputy sheriff acted otherwise than was his duty under the writ

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was erroneous under the proofs as amounting to the direction of a verdict for defendants.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 415; Dec. Dig. § 171.*]

**4.** TRIAL (§ 98*)—RECEPTION OF EVIDENCE—RULINGS.

Where, during the trial, a number of depositions were offered by both parties, it was improper practice for the court to withhold rulings on various objections to questions in the depositions until after they were read to the jury, and just before the instructions to sustain all the objections made by plaintiffs and overrule all those made by defendants.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 98.*]

**5.** APPEAL AND ERROR (§ 909*)—PRESERVATION OF ERROR—BILL OF EXCEPTIONS.

Where an objection, that the court refused to permit counsel for plaintiff in error to file affidavits of jurors disclosing what occurred with reference to alleged instructions given after the jury had retired, was not supported by anything appearing in the bill of exceptions, it would be presumed that the procedure objected to had not occurred.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action in the name of the State of Missouri, on relation of Robert K. Dykes and others, against Edmund C. Hencken and others. Judgment for defendants, and relators bring error. Reversed and remanded.

James R. Van Slyke, for plaintiffs in error.

R. L. Shackelford, Joseph S. McIntyre, and J. C. Kiskaddon, for defendants in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This was an action in the name of the state of Missouri, on the relation of Robert K. Dykes and others, copartners under the firm name of the Tomlinson Captive Balloon Company, upon the bond of the sheriff of St. Louis county, Mo., for damages caused by the wrongful seizure of their property as the property of one Meyer, who was a defendant in an attachment suit. There was a verdict and judgment for defendants, and plaintiffs brought this writ of error.

When the seizure was made by a deputy sheriff, the property was in the possession of George T. Tomlinson, who the sheriff and his sureties claim was a member of plaintiffs' firm, but who plaintiffs say was merely their agent engaged in operating the property for them. The important question of fact in the case was who owned the property, the plaintiffs or Meyer? There was substantial evidence for the plaintiffs that some months before the seizure they had bought the property from Meyer, had paid him for it, and that he no longer had any interest in it. There was no evidence to the contrary except some testimony that Tomlinson at the time of the seizure made certain declarations of that purport. It was admitted in evidence over plaintiffs' ob-

jections. With reference to this proof the trial court charged the jury as follows:

"Tomlinson, it appears by the uncontradicted testimony, was there in possession of this property. His action, his declaration, his statements. made at the time, is proper evidence for you to consider in determining where this property belonged and who the owner of it was."

This was excepted to. It will be perceived that the charge rests solely upon the fact that Tomlinson was in possession, and not upon the character of his possession, whether that of an owner or that of a mere employé. The only evidence that he had a proprietary interest in the property was that he was named as one of the plaintiffs' firm in the first petition filed in the case, but an amended petition was substituted for it in which his name did not so appear. There was other proof well-nigh conclusive that Tomlinson was not a member of the firm, and that his connection with their business was that of an employé upon a salary. The charge of the court was erroneous because it ignored the character of Tomlinson's possession. While declarations of an agent explanatory of his possession are admissible in proper cases, the question of actual ownership of the property here involved was collateral and had no relation to Tomlinson's duty as an employé. It was not contended he was in the service of Meyer, and, as already observed, the proof was clear that he had been employed by the plaintiffs upon a salary to operate the property for them. Whether the property was plaintiffs' or Meyer's depended upon a past transaction with which the agent's possession had no immediate connection. When an owner of property previously acquired intrusts it to an agent solely to operate, he does not thereby give him authority to declare away his right or title or to make competent evidence against it by his mere declarations.

The following instruction was also given and excepted to:

"The court instructs you that there is no evidence before this jury tending to prove that the deputy sheriff acted otherwise than was his duty under the attachment writ."

This was erroneous because it was equivalent to a direction of a verdict for the defendants. If the deputy sheriff did nothing except his duty, the sheriff and his bondsmen were not liable. It was not the duty of the deputy to seize plaintiffs' property under a writ running against the property of Meyer, and if he did so there was a breach of duty for which defendants are liable.

A number of depositions of absent witnesses were offered in evidence, some for the plaintiffs and some for the defendants. The court announced that it would withhold ruling on the various objections to questions in the depositions until after they were read to the jury. At the close of the evidence, and when about to instruct the jury, the court said generally that all objections made by the plaintiffs were sustained and all made by the defendants were overruled. This is not proper practice in a trial to a jury of an action at law. Manifestly when there is considerable evidence and many objections upon divers grounds, as was the case here, it would be impossible for the jury to give due effect to the rulings of the court. The answers to the ques-

tions which were objectionable in law but were read to the jury doubtless made the same lasting impression upon their minds as if no objections had been made and sustained. A court sometimes finds it expedient during the progress of a trial to allow evidence to go to the jury subject to objection, but when the ruling is made the jurors are given to understand what it relates to and how to apply it. That, however, is no precedent for the course pursued below.

Complaint is also made of a matter which, if true, would be a grave error. It is said to have occurred while the jurors were in the jury room. There is nothing in the bill of exceptions concerning it, and though counsel claims in an assignment of error and in his brief that the court refused to permit affidavits of the jurors disclosing what occurred to be filed, or a record to be made of it, it must nevertheless be assumed from the failure of counsel to adopt the appropriate course in such cases that there was no such occurrence.

The other assignments of error are not considered, as the matters mentioned may not arise again.

The judgment is reversed, and the cause remanded for a new trial.